STATE BOARD OF MEDICAL EXAMINERS, PROSECUTOR,
v. JOHN W. MORRISON, DEFENDANT.

Submitted October 16, 1931—Decided March 2, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *William A. Stevens,* attorney-general,
and *Robert Peacock,* assistant attorney-general.

For the defendant, *Egbert Rosecrans.*

PER CURIAM.

This *certiorari* brings up a judgment of dismissal by the
District Court of the First Judicial District of the county
of Warren of a summons or warrant issued against the de-
fendant at the instance of the state board of medical ex-
aminers upon an allegation that respondent was illegally
practicing medicine and surgery.

The challenge is directed to the service of the warrant by
the under-sheriff of the county of Warren when it was di-
rected to any constable of said county, or to the sergeant-
at-arms of the court issuing it, or to the inspector of the
state board of medical examiners; and likewise to the fact
that the command of the warrant was to produce the defend-
ant therein before the District Court at the town hall in
Phillipsburg, when in fact he was produced to the judge at
Belvidere.

The attorney-general took some testimony to be used on
the return of the *certiorari,* but this was taken without an

order, and having been objected to by the defendant, it is not usable. *Smart* v. *North Hudson County Railroad Co.*, 66 *N. J. L.* 156.

Looking to the return made by the judge, it appears that the return was amended by the judge to strike out all reference to the defendant's having waived hearing, and it, therefore, appears that the defendant did not waive a hearing, but that the defendant appeared specially for the purpose of raising the question of jurisdiction, and this appears throughout the return as the fact. If this be so, and the defendant did not waive defects in the warrant and its service, we are of opinion that the warrant was not properly served and that the defendant could not be held thereunder, because it was served by someone to whom it was not directed.

The judgment is affirmed, but without costs to either party.